**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **IN RE: RANDALL JOSEPH** | ) | **CASE NO. 4:07 CV 01091** |
| **HAKE and MARY ANN HAKE,** | ) | |
| | ) | **BNK CASE. NO. 04-41352** |
| | ) | **JUDGE KAY WOODS** |
| **Debtors.** | ) | |
| | ) | |
| | ) | **JUDGE PETER C. ECONOMUS** |
| | ) | |
| | ) | |
| | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |

This matter came before the Court on appeal of the Bankruptcy Court's Order on March 13, 2007 denying the Objections to Debtors' Exemptions and Request for Evidentiary Hearing ("Objection") filed by Buckeye Retirement Co., L.L.C., Ltd. ("Buckeye") on October 11, 2006. (Dkt. #60, Bkr. Case No. 04-41352).

**I.  FACTS**

On March 25, 2004, Debtors Randall J. Hake and Mary Ann Hake (collectively "Debtors") filed a voluntary petition pursuant to Chapter 11 of title 11 of the United States Code. This case was converted to a Chapter 7 case on April 26, 2006. Mark A. Gleason is the duly appointed Chapter 7 Trustee ("Trustee"). Buckeye is a creditor and party in interest.

On the petition date, Debtors filed their original schedules and statement of financial affairs. Debtors filed amended summary of schedules, amended schedules B, C, and F, and

amended declaration concerning Debtor(s) schedules on February 15, 2005.  (Doc. #142.)  On May 24, 2006, Debtors filed a second amended summary of schedules concerning Debtors' schedules and amended schedules B, C and F.  (Doc. #467.)

After the conversion, the meeting of creditors pursuant to §341 of the Bankruptcy Code was held and concluded on September 13, 2006.  Buckeye filed its Objection on October 11, 2006.  Buckeye objects to four exemptions claimed by Debtors on the grounds of undervaluation, being Debtors' household goods and appliances (the "Household Goods"), their wearing apparel, Mr. Hake's engineer's license, and Mr. Hake's tools of trade.  (Objection, par. 10)  Buckeye also objects to these items on the grounds of vagueness, because debtors identified them by category rather than individual items.  (Objection, par. 25, and prayer for relief)  In their Opposition to Objection to Exemptions by Buckeye Retirement Co., and Request for Preliminary Hearing ("Response"), Debtors oppose the Objection on the basis that the values they used were good faith estimates and were entitled to the exemptions claimed under applicable law.  As to the Household Goods, Debtors also asserted that Buckeye was precluded from objecting to this exemption, after having entered into an agreement recognizing the same.  Subsequent to the exemption proceedings, the Bankruptcy court entered an Order to enforce this agreement.

The Bankruptcy Court denied Buckeye's request for an evidentiary hearing pursuant to Order Denying Request for Evidentiary Hearing dated November 6, 2006.  (Dkt. #581).  The Bankruptcy Court held a hearing on the Objection on November 28, 2006, at the conclusion of which, the Court took the matter under advisement, and subsequently issued its March 13, 2007 Order.  (Dkt. #629).

## II.  LEGAL ANALYSIS

### A.  STANDARD OF REVIEW

"An order on an objection to a debtor's claim of exemption is a final, appealable order." Johnston v. Hazlett (In re Johnston, 222 B.R. 552, 553 (6th Cir. BAP 1998). "Appellate courts generally apply the 'clearly erroneous' standard to findings of fact and de novo review to conclusions of law." Sacharko v. Geremia (In re Sacharko), 356 B.R. 786, 2007 WL 128775, *1 (1st Cir. BAP 2007)(citation omitted). "A debtor's entitlement to a bankruptcy exemption most often involves a legal question and is reviewed de novo, except where facts are in dispute." Id. If facts are in dispute, Bankruptcy Rule 8013 sets forth the standard of review, stating that "findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses." Fed. R. Bankr. P. 8013; Williams v. Bank One Cleveland, NA (In re Dyac Corp.), 164 B.R. 574, 576-77 (Bankr. N.D. Ohio 1994). Basically, this equates to an abuse of discretion standard. "An abuse of discretion occurs when the bankruptcy court relies upon clearly erroneous findings of fact, improperly applies the law, or uses an erroneous legal standard." Nischwitz v. Miskovic (In re Airspect Air, Inc.), 385 F.3d 915, 920 (6th Cir. 2004).

### B.  STATUTORY AND LEGAL FRAMEWORK

Upon filing a bankruptcy petition, an estate is created pursuant to 11 U.S.C. §541. "The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held[.]"

3

11 U.S.C. §541(a) (West 2004).  Section 522 of the Bankruptcy Code permits Debtors to exempt certain property that would otherwise come within the purview of the bankruptcy estate for the benefit of creditors.

> Notwithstanding section 541 of this title, an individual debtor may exempt from property of the estate the property listed in either paragraph (1) or, in the alternative, paragraph (2) of this subsection.  In joint cases filed under section 302 of this title . . . debtors who are husband and wife, and whose estates are ordered to be jointly administered under Rule 1015(b) of the Federal Rules of Bankruptcy Procedure, one debtor may not elect to exempt property listed in paragraph (1) and the other debtor elect to exempt property listed in paragraph (2) of this subsection.

11 U.S.C. §522(b) (West 2004).

A bankruptcy appellate panel for the Sixth Circuit recently reviewed the legal framework for exemptions in bankruptcy cases filed in Ohio. It stated as follows:

> The debtors are permitted to exempt certain property from the estate.  An exemption withdraws an interest from the bankruptcy estate, and consequently from the creditors, for the benefit of the debtors.  Wicheff v. Baumgart (In re Wicheff), 215 B.R. 839, 842 (B.A.P. 6th Cir. 1998).  A state can choose whether its residents may use the available federal exemptions set forth in 11 U.S.C. §522, or use its own state exemptions.  See 11 U.S.C. § 522(b).  Ohio has elected to opt-out of the federal exemptions and create its own set of bankruptcy exemptions.  See Ohio Rev. Code §2329.66.  The burden is on the trustee to establish by a preponderance of the evidence that the exemption should not be allowed.  Hamo v. Wilson (In re Hamo), 233 B.R. 718, 723 (B.A.P. 6th Cir. 1999).  The facts and circumstances of each case must be analyzed on their own.  Id.

In Re Alam, 2006 Bankr. Lexis 3520, p.3.  The Alam Court went on to state:

> Ohio courts follow the rule that exemption statutes are to be construed liberally in favor of the debtor and any doubt in interpretation should be in favor of granting the exemption.  See, e.g., Daugherty v. Cent. Trust Co. of Northeastern Ohio, N.A., 28 Ohio St. 3d 441, 28 Ohio B. 492, 504 N.E.2d 1100, 1104 (Ohio

4

1986) ("We acknowledge the liberal construction of exemption statutes afforded by the courts of this state …"); <u>Dennis v. Smith</u>, 125 Ohio St. 120, 11 Ohio Law Abs. 510, 180 N.E. 638, 640 (Ohio 1932) ("Laws exempting property of a debtor from execution are to be construed liberally in his favor.  …); In re <u>Oglesby</u>, 333 B.R. 788, 791 (Bankr. S.D. 2005) ("Ohio exemption provisions are to be construed liberally in favor of the debtor and a debtor's dependents and any doubt in interpretation should be in favor of granting the exemption.") (quoting <u>In re Lewis</u>, 327 B.R. 645, 648 (Bankr. S.D. Ohio 2005)); In re <u>Wycuff</u>, 332 B. R. 297 300 (Bankr. N.D. Ohio 2005) (construing exemption statute liberally is necessary "to effectuate [the statute's] remedial purpose: affording the debtor life's basic necessities").

Id. at pp. 3-4.

Finally, it must be noted that a Debtor may amend his list of exempted property as a matter of course at any time before close of the bankruptcy case.  <u>Lucius v. McLemore</u>, 741 F.2d 125, 127 (6th Cir. 1984).

### C.  BUCKEYE'S CLAIMS OF ERRORS

#### 1.  Objection Based on Items Being Undervalued and Not Disclosed.

Buckeye objected to the four categories of exemptions noted on the basis that these items are not fully disclosed as a result of their undervaluation on Debtors' Schedules B and C.  (Objection, §§10, 12, 20-21.)  Buckeye did not argue that Debtors have failed to list the items, but only that the values assigned to such items are insufficient.  These items were necessarily listed by Debtors on Schedule B in order to be claimed as exempt on schedule C.  Though Buckeye implies otherwise, each of these items were included in the Debtors' original schedules and the amended schedules at the same values.  The only changes regarding these items in the amended schedules were the increase in the exemption amount from $3,000 to

5

$5,000 as to the household goods on schedule C of the Amended Schedules, and the addition of the engineer's license as exempt on Schedule C of the Second Amended Schedules.

Buckeye does not contend that Debtors did not cite a proper statutory basis for the exemptions they have claimed for (i) household goods, (ii) wearing apparel, (iii) engineer's license, and (iv) tools of the trade.  Indeed, the Ohio Revised Code provides for a debtor to claim exemptions in each of these categories of property.  (See O.R.C. §2329.66(A)(3) (wearing apparel and certain household items); §2329.66(A)(4)(b) (household furnishings and appliances); §2329(A)(5)(tools of profession, trade or business).  It also does not appear that Buckeye entered its Objection to ensure that Debtors did not exempt all of their Household Goods, given that these Household Goods were appraised at a value in excess of the scheduled value.  Nor did Buckeye argue in its Objection that any particular item of Debtors' clothing is worth over $200.  Rather, Buckeye appears to seek a forfeiture of those exemptions to which Debtors would otherwise be entitled.

Buckeye's Objection on the basis of undervaluation has no support under applicable law.  Buckeye has failed to cite a single case adopting such an objection.  Though the legal authorities cited by Buckeye make reference to the possibility that an intentional undervaluation of an asset could constitute a concealment, none impose the sanction requested by Buckeye of a forfeiture of an exemption to which Debtors are otherwise entitled regarding disclosed but undervalued assets.  Under such circumstances, this Court agrees with the Bankruptcy Court and the holding in In re McVay, 345 B.R. 846 (Bankr. N.D. Ohio 2006) that the remedy, if any,

6

for an asset originally disclosed but allegedly undervalued is to seek a denial of Debtors'

discharge, which apparently Buckeye has also done in filing an Adversary Proceeding.[1]

### 2. Objection Based on Vagueness

Buckeye also objects to the claimed exemptions as having not been properly disclosed

on the "grounds of vagueness."  The Court will deal with this ground as if it is separate and

apart from the grounds of undervaluation and failure to disclose even though there is substantial

overlap between these two arguments.

Buckeye states that "in undervaluing their wearing apparel and household goods and

appliances, Debtors were overly general, as they failed to account for the value of individual

items, and thus did not provide notice of the value per item."  (Objection, ¶22.).[2]  Buckeye's

objection to Debtors' claimed exemptions in wearing apparel and Household Goods is basically

a reiteration that Debtors have "undervalued" such assets.  The Court has already disposed of

that part of the Objection by overruling it, above.  To the extent that Buckeye claims that the

Debtors' asset listing and exemption claims contested herein were insufficient to put the Trustee

or creditors on notice of what is being exempted, the Court finds that the Bankruptcy Court did

---

[1] In the Adversary Proceeding, according to the Bankruptcy Court, Buckeye complains that Debtors should be denied a discharge on the grounds that Debtors committed fraudulent acts and concealed property by failing to disclose or accurately describe assets.  The Complaint covers Debtors' disclosure of household goods and furnishings, wearing apparel and tools of trade, but does not address the engineer's license..  (Adversary Proceeding Complaint, ¶¶15, 16, and 17.)

[2] Buckeye also contends that by not stating the amount of their life insurance, but only the "entire interest," Debtors were impermissibly vague and did not provide notice of the asset being claimed as exempt.  It appears to have failed to include this criticism in any objection, however. Paragraph 25 and its prayer for relief specifically limit the objections for vagueness to the four items specified in paragraph 10.  Therefore, this Court does not address this particular item.  At any rate, since the scheduled policies were term life insurance, and over three years have lapsed without either Debtor having deceased, this issue appears moot.

not commit error in denying Buckeye's Objection.  One of Buckeye's own legal authorities supports this determination.  A lack of clarity in setting forth an exemption may result in a debtor only being allowed the exemption as provided by law.  In Re Lekas, 299 B.R. 597, 600 (Bankr. D. Ariz. 2003) citing Seror v. Kahan (In Re: Kahan), 28 F.3d 79 (9th Cir. 1994).  In Lekas, Debtors listed the value of life insurance policy and their exemption as zero.  Finding that Debtors did not list the policy with the requisite degree as specificity, the Court held that Debtors are entitled to claim the life insurance proceeds as exempt, but only as prescribed by applicable Arizona law."  Id.  To hold Debtors to the standards urged by Buckeye, and require a forfeiture of otherwise available statutory exemptions, would ignore the Ohio policy to construe exemption statutes liberally, with any doubt in interpretation being in favor of the granting of the exemption.

### 3.  Right to Evidentiary Hearing

Buckeye also raises as error the Bankruptcy Court's failure to grant its request for an evidentiary hearing on its Objection.  At the arguments before this Court, counsel for Buckeye conceded that an abuse of discretion standard applies.  Buckeye's Objection and Appeals Brief do not cite to a single statute, rule or legal authority that required the Bankruptcy Court to conduct an evidentiary hearing on its Objections.  The only rule Buckeye has cited is Rule 4003 of the Federal Rules of Bankruptcy Procedure, the Rule that addresses procedures surrounding claimed exemptions and objections thereto.  Rule 4003(c) states in relevant part as follows:

> In any hearing under this rule, the objecting party has the burden of proving that the exemptions are not properly claimed.  After hearing on notice, the court shall determine the issues presented by the objections.

The plain language of Rule 4003 does not mention an "evidentiary" hearing.

Each of the authorities cited by Buckeye are Bankruptcy Court decisions in which the Court chose to hold an evidentiary hearing.  Buckeye has not cited, and this Court is unaware of, any cases that found on appeal that a bankruptcy court abused its discretion in failing to conduct an evidentiary hearing on objections to claimed exemptions.  In light of the nature of Buckeye's Objection and the relief sought, and this Court's denial of its Objection as a matter of law, this Court also finds that the Bankruptcy Court did not abuse its discretion in denying Buckeye's request for an evidentiary hearing.

## III.    CONCLUSION

This Court finds that Buckeye's objections to Debtors' claimed exemptions in (i) household goods and appliances, (ii) wearing apparel, (iii) the engineer's license, and (iv) tools of trade have no recognized basis and are not well taken.  As additional support for this decision, the Court notes that Buckeye had previously agreed to recognize the exemption claimed by Debtors in their Household Goods, which agreement was subsequently accepted by the Trustee and has now been ordered enforced by the Bankruptcy Court.  Accordingly, this Court overrules the Objection.  This Court further finds that the Bankruptcy court did not abuse its discretion in denying Buckeye's request for an evidentiary hearing under the circumstances herein.  Therefore, the Bankruptcy Court's well-written Memorandum Opinion and Order on March 13, 2007 is **AFFIRMED**.

**IT IS SO ORDERED.**

*/s/ Peter C. Economus* **– 8/03/07**
**PETER C. ECONOMUS**
**UNITED STATES DISTRICT JUDGE**

9